282 So.2d 28 (1973)
Nelson NEGRON, Plaintiff,
v.
The TRAVELERS INSURANCE COMPANY, Defendant.
No. 73-535.
District Court of Appeal of Florida, Third District.
August 28, 1973.
Murray S. Meyerson, and Stuart G. Elliot, Miami, for plaintiff.
Adams, George & Wood, and William A. Parsons, Miami, for defendant.
Before PEARSON, CHARLES CARROLL and HENDRY, JJ.
PER CURIAM.
The following questions have been certified to this court pursuant to Rule 4.6, FAR, 32 F.S.A.:
"(1) Is a United States Postal vehicle a `motor vehicle' within the meaning of the Florida Automobile Reparations Reform Act?
"(2) Is the driver of a United States Postal vehicle owned by the United States Government and used in the course and scope of United States Postal service business entitled to personal injury protection benefits under a policy of insurance written on his private automobile under Sections [627.736(4)(d)(1)] *29 and [627.736(4)(d)(4)] of the Florida Automobile Reparations Reform Act?"
Since these questions appear to be within the scope of the rule and no objection has been made thereto, we have heard oral argument thereon. The statement of facts transmitted by the trial judge is:
"PLAINTIFF, NELSON NEGRON, was a United States Postal employee engaged in the operation of a tractor-trailer owned by the United States Government and being used in the course and scope of the United States Postal business on April 24, 1972. At that time, the tractor-trailer driven by the Plaintiff was struck by a 1966 Oldsmobile driven for private use by J.C. WOODARD at or near the intersection of N.W. 54th Street and N.W. 22nd Avenue, Miami, Florida. As a result of this accident, the Plaintiff allegedly sustained injuries causing him to incur medical expenses. In addition, Plaintiff claims he suffered a loss of earnings due to this accident. The alleged losses claimed by Plaintiff do not exceed the threshold value of ONE THOUSAND ($1,000.00) DOLLARS in medical. However, the Plaintiff alleges that he has suffered a permanent injury based on reasonable medical probability.
"At the time of the above-described accident, Plaintiff, a Travelers Insurance Company insured, owned a 1967 Chevrolet for private use, only, which was not involved in the subject accident. Plaintiff does claim that his motor vehicle made physical contact with the motor vehicle driven by J.C. WOODARD."
The parties have each urged that the first question should be answered in the negative. We agree.
The Florida Automobile Reparations Reform Act, Fla. Stat. § 627.732(1), F.S.A., defines motor vehicle for the purpose of the act as follows:
"(1) `Motor vehicle' means a sedan, station wagon, or jeep type vehicle not used as a public livery conveyance for passengers and includes any other fourwheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured."
In addition, Section 627.741(1) of the Florida Automobile Reparations Reform Act, provides that "[t]he [D]epartment of [I]nsurance shall adopt rules and regulations necessary to implement the provisions of §§ 627.730-627.741". The defendant informs us that the administrative interpretation of the Department of Insurance, as shown by the regulations adopted by the Department, is such that the tractor-trailor here involved would not be considered a "motor vehicle" for the purpose of the Florida Automobile Reparations Reform Act.
Turning to the second question, we think that it must be answered in the affirmative. Fla. Stat. § 627.736(4)(d), F.S.A., provides as follows:
"(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
"1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle.
* * * * * *
"4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
"a. The owner of a motor vehicle with respect to which security is required under §§ 627.730-627.741, or

*30 "b. Entitled to personal injury benefits from the insurer of the owner of such a motor vehicle."
* * * * * *
In this instance, we do not follow the administrative interpretation of the Department of Insurance. We are informed that Insurance Department Regulation 4-27.05, subsection 1(2), interprets the statute to mean that an occupant of a conveyance which is not a "motor vehicle" under the definition used in the statute is not entitled to personal injury protection benefits. We cannot agree with this interpretation. The language of the statute provides for coverage "... by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle". Therefore, it is apparent that whether one is inside or outside a vehicle is of no significance. The question is whether the injury is caused "by physical contact with a motor vehicle". There is no question that under the statement of facts the plaintiff's injury was caused by physical contact between a postal tractor-trailer and a motor vehicle. The defendant insurance company argues that this is not enough because it is not proved that the plaintiff himself came in "physical contact with a motor vehicle". In other words, if, as a result of the collision, the plaintiff was thrown from the vehicle in which he was riding and struck the other vehicle, he would be covered, but if he was thrown from the vehicle in which he was riding and struck a tree, he would not be covered. We cannot attribute to the legislature such an unreasonable distinction. Cf. American Bankers Life Assurance Company of Florida v. Williams, Fla.App. 1968, 212 So.2d 777. The court should follow the ordinary meaning of the language of the statute unless some compelling argument requires a resort to a more technical meaning. See State ex rel. Hanbury v. Tunnicliffe, 98 Fla. 731, 124 So. 279 (1929). In the present instance, we take the words "... if the injury is caused by physical contact with a motor vehicle" to mean if the injury results from a collision with a motor vehicle.
In conclusion, the first certified question is answered in the negative, but the second certified question is answered in the affirmative.