306 So.2d 548 (1974)
CENTURY INSURANCE COMPANY OF NEW YORK, a Foreign Corporation, Appellants,
v.
Cheryl FILLMORE, a Minor by and through Her Mother and Next Friend, Sherylyn Fillmore, Individually, Appellees.
No. 74-784.
District Court of Appeal of Florida, Third District.
December 10, 1974.
Rehearing Denied February 4, 1975.
Preddy, Haddad, Kutner & Hardy and Stephen T. Brown, Miami, for appellants.
Podhurst, Orseck & Parks, George P. Telepas, Miami, for appellees.
Before PEARSON and NATHAN, JJ., and GREEN, ROBERT A., Jr., Associate Judge.
ROBERT A. GREEN, Jr., Associate Judge.
The appellant, defendant below, seeks interlocutory review of a partial summary judgment for the appellees as to liability under a no fault automobile insurance policy.
The appellee, Cheryl Fillmore, a fiveyear old child, sustained certain personal injuries when she was struck by a commercial vehicle while she was a pedestrian. At the time of the accident she resided in a household with her mother and grandmother. Her grandmother had a no fault automobile insurance policy issued by the appellant, which provided for personal injury protection covering injuries sustained by an insured when struck by a motor vehicle. A claim was filed for Cheryl Fillmore's injuries, which the appellant denied claiming a commercial tow truck was not a motor vehicle. As a result, the appellees filed the instant declaratory judgment action. Appellant defended, alleging no coverage. The parties stipulated as to the basic facts and the appellees moved for a summary judgment as to liability. After hearing on the motion, the trial court entered the partial summary judgment appealed herein. We affirm.
The issue turns on the definition of "motor vehicle" in § 627.732(1), Fla. Stat. *549 The trial judge correctly held the vehicle involved was within the definition. See: DeThorne v. Beck, Fla.App. 1973, 280 So.2d 448.
In a pedestrian case, such as this, where the action is against the plaintiff-appellee's insurance carrier for personal injury protection benefits, such an interpretation is the only reasonable one. For purposes of being entitled to these benefits, subject to the carrier's right to claim against the third party tortfeasor for indemnification, it cannot matter whether the tow truck is a "commercial vehicle".
Affirmed.