310 So.2d 330 (1975)
Alcides CAMACHO, Appellant,
v.
ALLSTATE INSURANCE COMPANY, Appellee.
No. 74-606.
District Court of Appeal of Florida, Third District.
April 8, 1975.
*331 West, Friesner & Goldman, Miami, for appellant.
Adams, George, Wood, Lee, Schulte & Thompson, Jeanne Heyward, Richard E. Daugherty, Miami, for appellee.
Before PEARSON and NATHAN, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
NATHAN, Judge.
The plaintiff in the trial court appeals an adverse summary final judgment in an action to collect personal injury protection benefits under an insurance policy issued by the defendant.
On October 3, 1973, the plaintiff, Alcides Camacho, was driving a truck which he owned, when it became involved in an accident with another truck. Plaintiff did not have P.I.P. coverage on his truck, but, he did own a personal automobile on which the P.I.P. insurance was written by the defendant, Allstate Insurance Company. Plaintiff sustained injuries in the accident, which resulted in medical and hospital expenses and lost earnings. He made demand upon the defendant for payment of these expenses under his P.I.P. insurance coverage, but the defendant refused payment and denied coverage. The plaintiff then filed suit against the defendant for such benefits. The defendant filed an answer denying coverage, and in response to a request for admission admitted: (a) the existence of the policy, (b) receipt of timely notice, (c) receipt of proof of claim and (d) denial of coverage. After the plaintiff's deposition was taken, each party moved for summary judgment. Upon hearing, the court granted the defendant's motion for summary judgment and denied the plaintiff's, whereupon this appeal ensued. The sole issued presented for our determination is whether the trial court erred in entering summary final judgment in favor of the defendant where the plaintiff, operating a truck used primarily in his business, was involved in an accident with another truck, which counsel stipulated was a "commercial vehicle". We must consider the stipulation as meaning that such truck was used primarily in a business or occupation and had four wheels or more.
We have carefully studied the No Fault Act in entertaining the question of whether coverage should be allowed in these circumstances. Due to the stipulation of counsel at the deposition of the plaintiff, it is undisputed that the plaintiff was involved in an accident with a vehicle which is not a motor vehicle as defined in the Florida Automobile Reparations (No-Fault) Act.
"(1) `Motor Vehicle' means a sedan, station wagon, or jeeptype vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured." § 627.732, Fla. Stat.
The Act provides the guidelines for payments of benefits thereunder in § 627.736(4)(d), Fla. Stat., which states:
"(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle *332 if the injury is caused by physical contact with a motor vehicle.
2... .
3... .
4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under §§ 627.730-627.741 or
b. Entitled to personal injury benefits from the insurer of the owner of such a motor vehicle."
The plaintiff asks us to extend the scope of such Act to include coverage in the circumstances sub judice. In support thereof, he relies heavily on Negron v. Travelers Insurance Company, Fla.App. 1973, 282 So.2d 28, wherein this court states at page 30,
"... The language of the statute provides for coverage `... by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle'... ."[1]
The pivotal issue, then, is whether the injury was caused by physical contact with a motor vechicle. There is no question that the vehicle involved in the accident with plaintiff Camacho's truck was not a motor vehicle as defined in § 627.732, Fla. Stat., infra, and as applied in § 627.736(4)(d), Fla. Stat., infra, because counsel stipulated that it was a "commercial vehicle." Therefore, the accident in the case at bar falls outside the ambit of the Act. Regardless of the plaintiff's contentions to the contrary, the legislature has provided that only injuries caused by certain types of vehicles would be covered by the Act, to-wit: those included in the definition of motor vehicles, § 627.732, Fla. Stat., infra. Apparently, the legislature intended to exclude all other vehicles from the operation of the Act, and, therefore, only statutory revision by the legislature could effect the result which the plaintiff proposes. To the extent this holding may conflict with our prior decision in Century Insurance Company of New York v. Fillmore, Fla.App. 1974, 306 So.2d 548, opinion filed December 10, 1974, we recede from that decision.
Therefore, for the reasons stated and upon the authorities cited, the summary final judgment herein appealed is affirmed.
Affirmed.
NOTES
[1] In Negron, the plaintiff, driving a United States postal service tractor trailer, was involved in an accident with a private passenger vehicle and was allowed to collect P.I.P. benefits under the policy on his personal car.