PER CURIAM.
The plaintiff suffered a final judgment dismissing his complaint which claimed personal injury protection benefits pursuant to Fla.Stat. § 627.736. On this appeal, the single point presented urges that: “the absolute statutory denial of personal injury protection benefits to motorcycle riders deprives them of due process and equal protection of the law.” The point was not raised on the record before us. Plaintiff urges that we consider the application of the exemption set forth in Fla.Stat. § 627.-736(l)[1] as fundamental error. See F.A.R. 3-7(i).
We have considered the record in the light of the briefs and oral argument and we hold that fundamental error has not been demonstrated. The Supreme Court of Florida thoroughly examined the act in question in Lasky v. State Farm Insurance Company, Fla. 1974, 296 So.2d 9, and held that with the exception of the property damage limitation of access to the courts, the personal injury aspects of the act were valid and constitutional. In this connection, we note that the Supreme Court specifically held that the exclusion of taxis, motorcycles, buses and commercial vehicles was not an arbitrary or capricious classification and thus does not violate the equal protection provision. See Lasky, supra, at 22.
Affirmed.

. See also Fla.Stat. §§ 627.736(4) (d)l and 627.736(4) (d)4.