NATHAN, Judge.
Defendant, Long Island Insurance Co., appeals from an adverse final judgment in favor of its insured, Robert Frank, the plaintiff in the trial court.
The pristine question here involved is whether or not plaintiff may recover personal injury protection (PIP) medical benefits from his own No Fault [Florida Automobile Reparations Reform Act] carrier as a result of injuries to his minor son while a member of plaintiff’s household and when such injuries were sustained while operating a motorcycle which collided with another motor vehicle not owned by the plaintiff. Section 627.736(4) (d) (3), Fla.Stat., provides that the insurer of a motor vehicle shall pay PIP benefits for:
“Accidental bodily injury sustained by a relative of the owner residing in the same household, under the circumstances described in subparagraph 1, or subpara-graph 2, provided the relative at the time of the accident is domiciled in the owner’s household and is not himself the owner of a motor vehicle with respect to which security is required under §§ 627.-730-627.741.”
Turning to subsection (1) of Section 627.736(4) (d), Fla.Stat., it states that the insurer of a motor vehicle shall pay PIP benefits for:
“Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle.”
In reading the above provisions of the statute together, the plaintiff insured cannot, on a derivative action, recover PIP benefits for medical expenses paid on behalf of his minor child under the insurance policy unless one of two situations exist. First, the child must be occupying a motor vehicle or second he must be in a situation where he was not an occupant of a motor vehicle or-a motorcycle. Clearly the child was not occupying a motor vehicle but was the occupant of a motorcycle.
Plaintiff relies on the rationale of Negron v. Travelers Insurance Company, Fla.App.1973, 282 So.2d 28; however, this case is readily distinguishable for the reason that in Negron, the claimant for PIP benefits was neither an occupant of a motor vehicle within the meaning of the Florida Automobile Reparations Reform Act, nor was he an occupant of a motorcycle.
The defendant herein has argued that the record reflects that the motorcycle *544 being operated by the child collided with a vehicle and does not specifically allege nor does any evidence reflect that the collision was with a motor vehicle. This fact, however, was conceded at oral argument. For the purposes of this appeal, we are considering that the collision was between the motorcycle and a motor vehicle. Compare Morse v. State Farm, Fla.App.1976, 328 So.2d 542, opinion filed March 2, 1976.
Accordingly, the judgment is reversed and this cause is remanded to the trial court for proceedings consistent herewith.