340 So.2d 1185 (1976)
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,
v.
Annie Ruth BUTLER, Appellee.
No. 75-1911.
District Court of Appeal of Florida, Fourth District.
December 3, 1976.
Richard F. Conrad and Thomas G. Kane, Driscoll, Conrad, Langston & Layton, Orlando, for appellant.
Kenneth R. Cate and Roy Morgan, Billings, Frederick, Wooten & Honeywell, Orlando, for appellee.
SMITH, ROBERT P., Jr., Associate Judge.
Appellant State Farm insured a motor vehicle which was struck from the rear by a negligently driven utility vehicle, used in the owner's business of transporting passengers for hire. Appellee Butler, one such passenger, was injured in the collision. Personal injury protection benefits were unavailable to her from the insurer of the owner of the utility vehicle she occupied, because owners of vehicles of that class are not required by § 627.732(1), F.S. 1975, to be so insured. Appellee Butler was not herself the owner of a motor vehicle for which security was required by the no-fault law, nor was she entitled to personal injury benefits from the insurer of the owner of some other motor vehicle. Sec. 627.736(4)(d) 1, 3, 4 a, b, F.S. 1975. State Farm appeals from a circuit court judgment awarding Butler personal injury protection benefits payable by State Farm under its policy insuring the owner of the rear-ended motor vehicle.
The issue is whether appellee Butler, passenger in a motor vehicle in the generic sense of that term, was nevertheless "not an occupant of a motor vehicle" within the meaning of § 627.736(4)(d), which provides in relevant part:
"(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
* * * * * *
"4. Accidental bodily injury sustained in this state by any ... person *1186 [other than those to whom personal injury protection benefits are payable under subparagraphs 1, 2 and 3]... while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle... ."
It has been held that § 627.736(4)(d) 1[1] permits a passenger in a bus or other exempted motor vehicle who owns an insured motor vehicle to recover from his own insurer if injured by physical contact of the exempted vehicle with an automobile for which insurance is required, Negron v. Travelers Ins. Co., 282 So.2d 28 (Fla.3d DCA 1973), but not if that exempted vehicle collided with another exempted motor vehicle. Camacho v. Allstate Ins. Co., 310 So.2d 330 (Fla.3d DCA 1975). It has also been held, under subparagraph (d)4, that a passenger in a bus or other exempted motor vehicle, injured as a result of collision with a vehicle for which security is required, may recover from the other's insurer unless the passenger himself owns a motor vehicle for which security is required or is entitled to personal injury protection benefits from the owner of yet another such vehicle. Gateway Ins. Co. v. Butler, 293 So.2d 738 (Fla.3d DCA 1974).
The major premise of these decisions is that such a passenger is "not an occupant of a motor vehicle," within the meaning of subparagraph (d)4, notwithstanding that the bus or taxi or commercial vehicle looks for all the world like one of the progeny of Henry Ford, because it is not a "motor vehicle" as that term is defined and employed in the no-fault act.[2]
It is here urged by State Farm, on the strength of legislative history and scholarly opinion, that the legislature intended to leave appellee Butler and other public conveyance passengers who own no automobiles to their common law remedies for negligence, just as the legislature intended for motorcycle operators and passengers. See Brandal v. State Farm Mut. Auto Ins. Co., 327 So.2d 867 (Fla. 1st DCA 1976). Thus it is urged that the legislature's concern in the quoted provisions of subparagraph (d)4 was for pedestrians and marginal pedestrians alighting from or boarding a motor vehicle  i.e., a motor vehicle in the generic sense. To accept State Farm's tendered interpretation of the statute, we should be required to find that the legislature, after being at pains to give the term "motor vehicle" a restricted definition for purposes of the no-fault act, § 627.732(1), abruptly used that term in its generic sense in subparagraph (d)4, when securing personal injury protection benefits for an injured person "not an occupant of a motor vehicle." If the term is there used in its generic rather than its restricted sense, passengers in a public livery conveyance or other exempted motor vehicle, injured by its collision with an insured vehicle, would receive personal injury protection benefits only from insurers of their own automobiles and, if they owned none, they would be relegated to any common law actions for negligence otherwise available to them. Appellee Butler's common law remedy would presumably be against the owner and negligent driver of the vehicle in which she received passage for hire.
The consequence of the trial court's judgment awarding Butler personal injury protection benefits from the insurer of the other, faultlessly driven automobile, shifts the burden of Butler's insurance, together with the burden of premiums for that insurance, largely to individual owners of private automobiles who are subjected to the statistical risk of being rear-ended by a bus carrying 60 passengers who have the good sense not to own automobiles. Considering *1187 that result, the trial court in this case stated:
"... the legislators probably thought they were only going as far as extending coverage to pedestrians statutorily; but through hasty enactment of definitions have unwittingly or if not hasty, have extended coverage even further at what will now mean additional premium to cover the additional risk, and another step further away from the indemnity concept."
Again Murphy's Law asserts its dominance of human affairs. Despite the unseemly result of giving the convoluted statute literal effect, we must agree with the trial court that subparagraph (d)4 of the no-fault law uniformly employs the term "motor vehicle" as it is defined in § 627.732(1), that appellee Butler was "not an occupant of the motor vehicle" and consequently that she is entitled to personal injury protection benefits from State Farm, who insured the owner of the vehicle rear-ended by Butler's hired conveyance. To hold otherwise would require a rewriting of subparagraph (d)4, which we are not at liberty to do, and speculation why, if the legislature there intended "motor vehicle" to be understood in its generic sense, it redundantly spoke of "a motor vehicle or motorcycle." If the no-fault law as we construe it is thought to impose an undue burden on premium-paying automobile owners in this state, that is a matter for legislative correction.
We have considered appellee Butler's cross-appeal from the order denying assessment of statutory penalties and, for failure of her proof of a sufficient application for benefits, we find the cross-appeal without merit.
AFFIRMED.
ALDERMAN, J., and SCHWARTZ, ALAN R., Associate Judge, concur.
NOTES
[1] Subparagraph (d)1 in relevant part directs the insurer of a motor vehicle to pay personal injury protection benefits to its owner who is insured as a result of physical contact with a motor vehicle "while not an occupant of a motor vehicle."
[2] Section 627.732(1) defines a "motor vehicle" as "a sedan, station wagon, or jeep-type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured."