PER CURIAM.
The minor plaintiff was a pedestrian. He was injured when he was struck by a panel truck used primarily in the business of its corporate owner. A complaint was filed claiming personal injury protection benefits under the automobile insurance policy of the plaintiff’s mother, under the terms of which the minor was an additional insured. Defendant Allstate Insurance Company moved to dismiss the complaint upon the ground that the allegations clearly showed that the plaintiff was not entitled to personal injury protection benefits under the Florida Automobile Reparations Reform Act, Section 627.730 et seq., Florida Statutes (1975). The trial court granted the motion to dismiss and this appeal followed.
The controlling question is whether a panel truck which is used primarily in the business of its owner is a “motor vehicle” under the Florida Automobile Reparations Reform Act. See particularly Section 627.-732(1), Florida Statutes (1975). We hold that such a vehicle is not a “motor vehicle” under the act. See Camacho v. Allstate Insurance Company, 310 So.2d 330 (Fla.3d DCA 1975); and Saborit v. Deliford, 312 So.2d 795 (Fla.3d DCA 1975). Cf. State Farm Mut. Auto. Ins. Co. v. Butler, 340 So.2d 1185 (Fla.4th DCA 1976). But see Century Insurance Company of New York v. Fillmore, 306 So.2d 548 (Fla.3d DCA 1974).
Affirmed.