CHARLES CARROLL, Associate Judge
(concurring specially).
The question presented by this case is whether a panel truck which is used primarily in the business of its owner (not the insured) is or is not a “motor vehicle” as defined by subsection (1) of section 627.732, Florida Statutes (1975), which reads as follows:
“Motor vehicle” means a sedan, station wagon, or jeep type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured.
In this case, in which an insured filed action against his insurer for PIP benefits, it was alleged the insured plaintiff had been struck by a panel truck owned by a corporation and used primarily in the business of its said owner. On motion of the defendant insurance company the court dismissed the complaint with prejudice. That amounted to holding that the No-Fault Insurance Law was not applicable in this instance, on the ground that because the panel truck which struck the insured plaintiff was used primarily in the business of its owner it was not a motor vehicle as defined in the statute.
The trouble in this and similar cases is that the statute used the word Insured, rather than the word owner, in the clause which specified that certain use would exclude four-wheel utility vehicles (trucks) and pickup and panel trucks, which otherwise would be “motor vehicles” thereunder.
The statute did not exclude a panel truck so used in the occupation, profession or business of the owner (or operator or lessee) thereof, but excluded those so used in the occupation, profession, or business of the insured. Applying that to this case, where the insurance policy upon which the PIP *1232 benefits are claimed is that of the plaintiff, and not that of the truck owner, it is the plaintiff who is the “insured”.
The statute should be applied as it reads. If the legislature intended to exclude those of such vehicles which were so used in the business pf the owner thereof, rather than of the insured, the resultant legislation did not so provide. Any change or amendment of the statute in that respect or in any other respect, if it were necessary or advisable to be made, would be a matter for the legislature.
In earlier cases it was held by this court that a truck, and a panel truck, which were shown to have been used primarily in the business of their owners, were not motor vehicles under the statutory definition. See Camacho v. Allstate Insurance Company, 310 So.2d 330 (Fla.3d DCA, 1975) and, following Camacho, Saborit v. Deliford, 312 So.2d 795 (Fla.3d DCA, 1975).
In Camacho, PIP benefits were denied to an insured who suffered injury and property damage in a collision, by impact from a truck (“commercial, vehicle”) which was used in business, on the theory that such use thereof operated to exclude it from the statutory definition of motor vehicle. In Saborit, involving a similar collision, it was held that the No-Fault Law was not applicable to plaintiff’s claim against the owner of a panel truck which collided with the insured plaintiff because the panel truck was used primarily in the business of its owner. The effect of those decisions which are followed here, if they are incorrect, is to deprive many persons of their entitled benefits under the No-Fault Insurance Law. That far reaching effect, coupled with the fact that as worded the statute does not exclude or exempt, as motor vehicles, such trucks when primarily used in the business of the owner thereof, would appear to present strong reason for re-examination of those decisions, as the appellant in this case has urged.
However, having been a member of the panels of this court which decided Camacho and Saborit, although I now see some justification for appellant’s argument that the language of the statute does not support the result reached in those decisions, I concur in this court’s judgment of affirmance based on the authority of Camacho and Saborit, with the decision in this case being certified as one of public interest, whereby the Supreme Court of Florida will have jurisdiction to review the decision, on cer-tiorari.