358 So.2d 1353 (1978)
Marie L. HEREDIA, Etc., et al., Petitioners,
v.
ALLSTATE INSURANCE COMPANY, Respondent.
No. 51997.
Supreme Court of Florida.
March 9, 1978.
Rehearing Denied June 13, 1978.
*1354 Milton Kelner, Miami, for petitioners.
Robert J. Dickman and Betsy Ellwanger Hartley of Talburt, Kubicki & Bradley, Miami, for respondent.
ENGLAND, Justice.
Under Florida's no-fault automobile insurance law, an insured (or a statutorily specified relative) is entitled to personal injury protection ("PIP") benefits for bodily injury sustained as a pedestrian when injured "by physical contact with a motor vehicle."[1] The term "motor vehicle" is defined in the no-fault statute to include:
"a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured."[2]
The Third District Court of Appeal has certified for our consideration the question whether the word "insured" in this provision has reference to owners of commercial vehicles, as it ruled in denying Heredia PIP benefits,[3] or to insureds who are injured by physical contact with commercial vehicles, as Heredia contends. The question being one of great public interest, we accept the certification.[4]
The contentions of the parties are simple. Heredia asserts that the Legislature used the unambiguous word "insured", not "owner", and that the district court has improperly rewritten the clear statutory language. Allstate Insurance Co. contends that the district court properly gleaned the sense of the term from the entire no-fault act, and that the construction so imported into the statute provides the result most consistent with logic and reason.[5]
In matters requiring statutory construction, courts always seek to effectuate *1355 legislative intent. Where the words selected by the Legislature are clear and unambiguous, however, judicial interpretation is not appropriate to displace the expressed intent. Foley v. State ex rel. Gordon, 50 So.2d 179, 184 (Fla. 1951); Platt v. Lanier, 127 So.2d 912, 913 (Fla. 2d DCA 1961). It is neither the function nor prerogative of the courts to speculate on constructions more or less reasonable, when the language itself conveys an unequivocal meaning.
The Legislature chose the term "insured" in the provision before us, and in several other provisions of the no-fault insurance law.[6] It also employed the term "owner" throughout the same statute, in a variety of contexts.[7] In the face of this selectivity, courts generally are not free to replace one term with the other in order to provide what they perceive to be a preferred connotation. Although Allstate proposes a reasonable interpretation of the statute in construing the word "insured" to mean "owner of commercial vehicles", it does not assert that the statute would have no subject matter on which to operate if the term "insured" is given the same meaning here as in other places throughout the Act. This situation, then, presents no occasion to depart from general principles.
Notwithstanding that the plain meaning of a term used by the Legislature may not artfully harmonize one provision of a law with others in the same act or may not fully carry out a court-perceived intent as to the statute's operation, an adjustment is appropriately made by legislative and not judicial redrafting. Respect for the separation of governmental powers requires no less.
The decision of the Third District Court of Appeal is quashed, and the case is remanded for further proceedings consistent with this opinion.
OVERTON, C.J., and BOYD and SUNDBERG, JJ., concur.
ADKINS and HATCHETT, JJ., dissent.
NOTES
[1] § 627.736(4)(d), Fla. Stat. (1975).
[2] § 627.732(1), Fla. Stat. (1975).
[3] Heredia v. Allstate Ins. Co., 346 So.2d 1230 (Fla. 3d DCA 1977). To the same effect are Saborit v. Deliford, 312 So.2d 795 (Fla. 3d DCA 1975), cert. denied, 327 So.2d 32 (Fla. 1976); and Camacho v. Allstate Ins. Co., 310 So.2d 330 (Fla. 3d DCA 1975).
[4] Art. V, § 3(b)(3), Fla. Const.
[5] Allstate put the word "owner" in its policy in order to effect what it perceived to be the legislative intent. Its refusal to pay is based on the policy term, which Heredia says cannot be substituted for the specific legislative directive.
[6] See, e.g., §§ 627.736(8), and 627.738(4), Fla. Stat. (1975).
[7] See, e.g., §§ 627.734(1), and 627.735(1), Fla. Stat. (1975).