560 So.2d 393 (1990)
Samuel MILLER, Appellant,
v.
ALLSTATE INSURANCE COMPANY, a Foreign Corporation, Appellee.
No. 89-0262.
District Court of Appeal of Florida, Fourth District.
May 2, 1990.
Gary Marks of Law Offices of John W. Fowler, Fort Lauderdale, for appellant.
Thomas A. Conrad and Mary Anne Philips of Green & Murphy, P.A., Fort Lauderdale, for appellee.
POLEN, Judge.
This appeal asks this court to address the concept of a "self-propelled vehicle" as an exclusion precluding PIP coverage and benefits pursuant to the Automobile Reparations Act (Motor Vehicle No-Fault Law), section 627.736(4)(d)(4), Florida Statutes (1987).
Appellant Miller, while within the scope of his employment as a lawn maintenance person for the City of Davie, and while sitting on and operating a lawnmower-tractor along the side of the road, was struck by a motor vehicle and injured. The lawnmower consisted of two pieces of equipment which enabled the operator to either control the vehicle by sitting upon it or detaching the seat and controlling the vehicle while walking behind it. At the time of the accident, the two pieces of equipment were attached and Miller was riding on the lawnmower. He applied for and was denied PIP benefits under the provisions of the policy Allstate Insurance Company (Allstate) issued to his mother, because he was injured while occupying a "self-propelled vehicle." Miller sought a declaratory judgment as to his rights to PIP coverage and Allstate filed a motion for summary judgment. Miller filed a cross-motion for summary judgment based on the essentially agreed upon facts. He argued that riding lawnmowers were in the same category as mopeds and bicycles and were not the type of self-propelled vehicles the statute was intended to exclude. The trial court entered summary judgment in favor of Allstate. We affirm.
Section 627.736(4)(d)(4) of the No-Fault Law, states that the insurer of the owner of a motor vehicle shall pay PIP benefits for:
Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a self-propelled vehicle ...
While Chapter 627 does not define the term "self-propelled vehicle," evidence of legislative intent can be gleaned from the statute's history, correlating statutes and case law. The Butler case led to the changing of the wording of the statute to its present form. In Butler, a bus passenger was held to be entitled to PIP benefits because, as the statute read at that time, the passenger bus was not a "motor vehicle." Therefore, the passenger could not *394 be precluded benefits as the occupant of a "motor vehicle." This court opined that it was up to legislature to correct the statute if the intent was to only extend coverage to pedestrians and exclude this type of situation, the result of which was that car-owner premiums were going to insure bus passengers. The wording of the statute was subsequently changed from excluding occupants of "motor vehicles" to its present form which excludes occupants of "self-propelled vehicles" from PIP coverage. State Farm v. Butler, 340 So.2d 1185 (Fla. 4th DCA 1976).
We feel this change in language, rather than limiting the category to self-propelled motor vehicles as argued by appellant, instead broadened the concept to exclude more than just motor vehicles such as buses. The new wording refers to any self-propelled vehicle which can be used on the highways. This category includes ATVs, ditchdiggers and cranes which at times traverse the highways. Chapter 316 defines this category of vehicle as "special mobile equipment" not designed primarily for transportation or for use on the highway. § 316.003(48), Fla. Stat. (1987). Since both Chapter 316, the Florida Uniform Traffic Control Law, and Chapter 627 concern the use and misuse of certain types of vehicles, the use of the Chapter 316 definitions in the no-fault chapter would be unacceptable only if it led to a result inconsistent with the legislative intent in enacting the no-fault insurance act. That intent seems to focus on the equipment's propensity for accidental injury during operation, excluding those types of vehicles with the highest propensity for injury from coverage such as motorcycles rather than unlicensed minibikes. See State Farm Mutual Auto Insurance Company v. O'Kelley, 349 So.2d 717 (Fla. 1st DCA 1977). "Had it intended to limit recovery under PIP solely to pedestrians, the Legislature could have simply stated so." State Farm Mutual Automobile Insurance Company v. Link, 416 So.2d 875, 878 (Fla. 5th DCA 1982). Occupants of "special mobile equipment," which are self-propelled vehicles, are at a greater risk of accidental injury due to the activity in which they are engaged. They differ from pedestrians using bicycles or skateboards, be they motorized or not. We feel the riding lawnmower-tractor with the attached seat, as occupied and ridden by appellant, fits more closely into this vehicle category than the moped category argued by appellant and PIP coverage is excluded.
Although mopeds have numerous vehicle characteristics and are subject to traffic regulations, they are not considered self-propelled vehicles excluding entitlement to PIP coverage. This is because a moped, which can also be pedaled, is more like a bicycle which is not self-propelled than a vehicle. Velez v. Criterion Insurance Company, 461 So.2d 1348 (Fla. 1985); State Farm Mutual Auto Insurance Company v. Link, 416 So.2d 875 (Fla. 5th DCA 1982). Electric golf carts, even though they are primarily used on off-road locations to traverse the fairways rather than being designed to traverse the highways, are considered "self-propelled vehicles" pursuant to Chapter 316. Meister v. Fisher, 435 So.2d 981, 983 (Fla. 4th DCA 1983); Meister v. Fisher, 462 So.2d 1071 (Fla. 1984) (reversing on other grounds but affirming finding that electric golf carts are "vehicles"). This riding lawnmower-tractor, requiring no outside power source, was also a self-propelled vehicle.
Nor do we find merit in Miller's contention that because the tortfeasor had PIP insurance, Miller is prevented from bringing a tort action to redress situations not covered by PIP and by failing to provide PIP coverage under these circumstances, his right to sue is impaired. Under PIP, the accident victim exchanges his right to fully recover in some situations, where the permanent injury threshold is not met, for an assured speedy payment of bills. Whereas, in the instant case, security is not statutorily provided to the occupant of a "self-propelled vehicle," Miller need not satisfy this no-fault threshold to maintain a suit for damages. Scherzer v. Beron, 455 So.2d 441 (Fla. 5th DCA 1984). Miller has a remedy in a tort action.
AFFIRMED.
ANSTEAD, J., concurs.
STONE, J., dissents with opinion.
*395 STONE, Judge, dissenting.
In my judgment a lawn mower, with or without a detachable seat, is not a motor vehicle, any more than is an electric wheelchair or similar device. There is nothing about this equipment or its design to indicate otherwise. I would reverse.