CAMPBELL, Judge.
Appellant, Marlene Esker, asks us to reverse a final summary judgment in favor of appellee, Nationwide Mutual Insurance Company. We decline to do so and affirm the final summary judgment. Appellant was a named insured under a policy of insurance issued by appellee insuring appellant’s motor vehicle. The policy provided appellant personal injury protection (PIP), uninsured motorists coverage and medical payments coverage.
Appellant was allegedly injured while a passenger in a school bus that was involved in an accident with an automobile. Appellant timely submitted a claim for insurance arising out of the accident. Appellee refused coverage, contending that appellant *304 was the occupant of a government-owned vehicle for public school transportation and that coverage was thereby excluded under the terms of the policy and the provisions of section 627.732, Florida Statutes (1989). We agree with appellee that a public school bus is excluded from the definition of motor vehicles by the explicit terms of subsection 627.732(1). We also agree that the policy provision that excluded appellant from coverage under her policy if she was injured while a passenger in a school bus is in compliance with section 627.736, Florida Statutes (1989).
Subsection 627.736(1), provides, in pertinent part, as follows:
(1) REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named, insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle....
Subsection 627.736(4)(d)(l) provides, in pertinent part, as follows:
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.
It is clearly provided in the statutes, in unambiguous language, that an insurer is not required to cover an insured for PIP benefits for injuries received while an occupant of a self-propelled vehicle. The term “self-propelled vehicle” is not defined for the purpose of section 627.736 or any other related statute, so we must therefore interpret that term in its normal and ordinarily accepted usage. Under that standard, a public school bus is clearly a “self-propelled vehicle.” This conclusion is inevitable when we consider the definition of “motor vehicle” as defined in subsection 627.732(1). There, “motor vehicle” is defined as any “self-propelled vehicle with four or more wheels which is of a type both designed and required to be licensed for use on the highways of this state,” but does not include “any motor vehicle which is used in mass transit or public school transportation.” §§ 627.732(1) and 627.732(l)(b).
Our conclusion that appellant is excluded from coverage under the circumstances of this case is further reinforced by the fact that the legislature substituted, by enacting chapter 77-468, section 33, Laws of Florida, the term “self-propelled vehicle” for the previously used term “motor vehicle” in subsections 627.736(1) and (4)(d)(l). Appellant urges us to interpret the term “self-propelled vehicle” to not include public school buses in order to prevent what appellant fears will be harsh results. We are not at liberty, except in extraordinary circumstances, to take legislative terms and impart some other meaning to that term other than that clearly expressed by the legislature according to the ordinary meaning of the terms used. See Miller v. Allstate Ins. Co., 560 So.2d 393 (Fla. 4th DCA 1990); State Farm Mut. Auto. Ins. Co. v. Butler, 340 So.2d 1185 (Fla. 4th DCA 1976).
Affirmed.
DANAHY, A.C.J., and FRANK, J„ concur.