GODERICH, Judge.
The defendant, Progressive Casualty Insurance Company [Progressive], appeals from a non-final order finding that the plaintiff, Frances K. Watson, was entitled to receive personal injury protection benefits. We reverse.
On March 31, 1995, Watson was riding as a passenger in a “jitney” when it was struck from behind by a vehicle driven by Julie Lang. Because Watson had no insurance, she brought suit against Lang’s insurer, Progressive, seeking personal injury protection benefits. Watson filed a motion for partial summary judgment arguing that when a passenger is injured while riding in a “public conveyance”, the passenger is entitled to personal injury protection benefits. Gateway Ins. Co. v. Butler, 293 So.2d 738 (Fla. 3d DCA 1974). After hearing the arguments of counsel, the trial court granted partial summary judgment based on Watson’s argument. In its order, the trial court cited to Gateway and held that Watson was entitled to receive personal injury protection benefits from Progressive under Lang’s policy. Progressive appeals from that order.
Progressive contends that the trial court’s reliance on Gateway is misplaced because that opinion was based on a prior version of the pertinent statute. Progressive further argues that, based on the current statute, Watson is not entitled to receive personal injury protection benefits. We agree.
At the time Gateway was decided, section 627.732(1), Florida Statutes (1973), defined “motor vehicle” as follows:
(1) “Motor vehicle” means a sedan, station wagon, or jeep type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured.
(emphasis added). Further, section 627.736(4)(d)(4), Florida Statutes (1973), provided, in relevant part, that:
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
[[Image here]]
(4) Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle or, if a resident of this state, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle....
(emphasis added).
Based on these provisions, this Court properly reasoned in Gateway that a “public conveyance” was not a “motor vehicle” and that as a result, Butler, a passenger on a “public conveyance,” was entitled to personal injury protection benefits from the insurer of the driver of the motor vehicle that struck the public conveyance.
In contrast to the 1973 version, section 627.736(4)(d)(4), Florida Statutes (1995), now provides, in relevant part, that:
(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
[[Image here]]
4. Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle, or if a resident of this state, while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with such motor vehicle....
(emphasis added). In other words, Watson can receive personal injury protection benefits if she was not the occupant of a self-propelled vehicle.
*545 Because “[t]he term ‘self-propelled vehicle’ is not defined for the purpose of section 627.736 or any other related statute, ... we must therefore interpret that term in its normal and ordinarily accepted usage.” Esker v. Nationwide Mut. Fire Ins. Co., 593 So.2d 303, 304 (Fla. 2d DCA 1992). Applying that standard, a “jitney” is clearly a “self-propelled vehicle.” See Miller v. Allstate Ins. Co., 560 So.2d 393, 394 (Fla. 4th DCA 1990)(explaining that the term “self-propelled vehicle” refers to vehicles “requiring no outside power source,” including buses, ATVs, ditchdiggers, cranes, riding lawnmower-tractors and electric golf carts but excluding bicycles, skateboards, and mopeds). Therefore, because Watson was the occupant of a “self-propelled vehicle” at the time that she sustained accidental bodily injury, she is precluded from receiving personal injury protection benefits from Progressive under Lang’s policy. We find that the trial court erred by granting partial summary judgment in her favor.
Reversed and remanded for further proceedings consistent with this opinion.