307 So.2d 458 (1975)
ROYAL INDEMNITY COMPANY, Appellant,
v.
GOVERNMENT EMPLOYEES INSURANCE COMPANY, Appellee.
No. 74-1055.
District Court of Appeal of Florida, Third District.
February 4, 1975.
*459 Daniel S. Schwartz, Miami, for appellant.
Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, George P. Telepas, Miami, for appellee.
Before BARKDULL, C.J., and PEARSON and HENDRY, JJ.
HENDRY, Judge.
This appeal concerns a dispute between two insurance companies to resolve which company is responsible for payment of personal injury protection (PIP) benefits to a pedestrian who was injured in an automobile accident.
The stipulated facts of this case are as follows: On January 20, 1972, the plaintiff in the trial court, Ethel Rowell, was seated at a bus bench located at N.E. 179th Street and 10th Avenue. A car driven by one John Fogel, insured by the appellant, swerved and hit a parked car, owned by one Hyman Galbut and insured by the appellee. The force of the impact caused the parked car to collide with the bus bench, pinning Ms. Rowell between the bus bench and the second car.
The plaintiff brought suit against both the insurance carriers involved in this appeal seeking PIP benefits under the provisions of Fla. Stat. § 627.736(4)(d)(4), F.S.A., which reads:
"(d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
"4. Accidental bodily injury sustained in this state by any other person while occupying the owner's motor vehicle or, if a resident of this state, while not an occupant of a motor vehicle or motorcycle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
"a. The owner of a motor vehicle with respect to which security is required under §§ 627.730-627.741, or
"b. Entitled to personal injury benefits from the insurer of the owner of such a motor vehicle."
The appellee settled the plaintiff's claim in the amount of $3,671.05, and crossclaimed against the appellant alleging that Royal Indemnity Company owed insurance coverage to the plaintiff. Appellee sought recovery of its advanced payment to the plaintiff.
The trial court found in favor of the appellee and entered judgment in the exact amount which the appellee had advanced to the plaintiff. This appeal ensued.
From our independent research in this case, it is apparent that the appellant's point on appeal in this case raises a novel point under the Florida Automobile Reparations *460 Reform Act, better known as the no-fault law.
The appellant's position is that the car driven by Fogel never came in actual physical contact with the plaintiff, Ms. Rowell, but that the parked car owned by Galbut did. Therefore, appellant reasons that the appellee insurance company, which insured the Galbut vehicle, should be responsible under the plain meaning of the statute for payment of PIP benefits.
Appellant further argues that this case is distinguishable from this court's holding in Negron v. Travelers Insurance Company, Fla.App. 1973, 282 So.2d 28, but analogous to the holding in Osepchook v. Gateway Insurance Company, Fla.App. 1974, 298 So.2d 169.
However, our reading of these two cases as well as many similar type cases decided in other jurisdictions indicates to us that the facts of this case are unique.
We think the holding in Negron conformed to the majority rule that in determining whether or not an insured is "struck by" an automobile, actual physical contact of the motor vehicle with the insured is nor required. See Leger v. Allstate Insurance Company, 252 So.2d 186 (La. App. 1971); Bates v. United Security Ins. Co., 163 N.W.2d 390, 33 A.L.R.3d 950 (Iowa S.Ct. 1968); Annot., 33 A.L.R.3d 962.
In this case, however, it is not argued by the appellant that no actual physical contact occurred. Instead, appellant argues that the physical contact occurred between the Galbut vehicle and the plaintiff, and was not "caused by physical contact" with the Fogel vehicle.
At first blush, appellant's argument is logical. But, upon closer examination this contention simply does not comport with the common sense facts of this case. Nor, do we think that the appellant's argument is sound when the facts of this case are compared to other analogous cases.
We note that the statute reads "... [I]f the injury is caused by physical contact with such motor vehicle... ." This language is significant when applied to the factual setting in the case at bar.
While the no-fault law was intended to remedy the concept of fault in automobile negligence cases, we do not think that tort concepts of causation were intended to be entirely abandoned. We think that by inserting the word "caused" in the statute, the legislature plainly intended that it would be a factor to be considered.
Under the unusual facts of this case, causation, and more particularly proximate causation, is a determining factor. "But for" the fact that the Fogel vehicle went out of control and struck a parked car, the plaintiff would not have been injured. And, we think the plaintiff's misfortune in this case was a foreseeable occurrence.
Thus, we think that the trial court's interpretation that the parked vehicle, the Galbut car, was in reality an extension of the Fogel car is reasonable and is a common sense interpretation of the facts of this case.
Moreover, in numerous cases where a moving auto has struck an inanimate object causing it to be propelled into a person, injuring him or her, it has been held by the weight of authority, that physical contact has been made with the insured, affording coverage. E.g., DiMartino v. State Farm Mut. Auto. Ins. Co., 201 Pa. Super. 142, 192 A.2d 157 (1963); McKay v. Travelers Indemnity Co., 193 N.E.2d 431 (Ohio App. 1963); State Farm Mut. Auto. Ins. Co. v. Johnson, 242 Miss. 38, 133 So.2d 288 (1961).
By analogy, we think these cases are applicable to the instant case. If the Galbut vehicle, instead of another car, were a tree, or a stone, or a wall, or some other object which the Fogel car caused to strike the plaintiff, we think it is clear that the appellant would be liable.
*461 We do not imply that there are no instances where the Galbut vehicle could be responsible for payment of PIP benefits. For example, were Fogel's car an uninsured vehicle we think that under a liberal construction affording to the insured the broadest coverage, and also consistent with the legislative policy evidenced by the statute, the Galbut vehicle might be responsible for payment of the benefits.
However, we think that under the facts of this case, where both vehicles are insured, the Fogel vehicle was the proximate cause of the injuries sustained by the plaintiff, and the trial court was correct in entering judgment in favor of the appellee.
Therefore, for the reasons stated and upon the authorities cited and discussed herein, the judgment appealed is affirmed.
Affirmed.