368 So.2d 348 (1979)
LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant,
v.
Ercole CASTAGNA, Appellee.
No. 52406.
Supreme Court of Florida.
February 22, 1979.
A.H. Toothmann and Patricia H. Thompson of Bradford, Williams, McKay, Kimbrell, *349 Hamann & Jennings, Miami, for appellant.
Jerry Larotonda, Miami, for appellee.
OVERTON, Justice.
This cause is before this Court on direct appeal from a summary final judgment of the county court construing and expressly upholding the constitutional validity of Section 627.736(4)(d)(1), Florida Statutes (1975). We have jurisdiction.[1]
The subject statute[2] provides for personal injury protection benefits if an insured is injured "while occupying a motor vehicle, or while not an occupant of a motor vehicle," if the injuries are "caused by physical contact with a motor vehicle." The issue is whether the language of the statute requires a determination of causation. We hold that the words "caused by" plainly and unambiguously intend that traditional tort concepts of causation are to be considered part of the statute. While no actual physical contact must occur, the elements of causation concerning a motor vehicle as it is defined in the statute must be present.
The record in the instant case reflects that the appellant, Lumbermens Mutual Casualty Company, issued a policy of automobile insurance to the appellee effective August 5, 1975, through August 5, 1976. The policy coverage tracked the provisions of the Florida Automobile Reparations Reform Act (No Fault Act), Sections 627.730-.741, Florida Statutes (1975). The appellee was provided coverage for his personal injuries incurred either while occupying a motor vehicle, or if not occupying a motor vehicle, for injuries caused by physical contact with a motor vehicle. The policy and the No Fault Act specifically exclude from their coverage a pickup or panel truck used primarily for business or occupational purposes.[3]
The accident resulting in the instant case occurred while appellee, Castagna, was driving his van which he used primarily in the course of his business. His van was struck by a lunch truck which had collided immediately beforehand with a Chevrolet passenger automobile. Castagna was injured in the collision. The Chevrolet is a "motor vehicle" within the statutory definition. The van and lunch truck are not.
The appellee, Castagna, sought personal injury protection (PIP) benefits under his insurance policy with Lumbermens. Lumbermens denied coverage because the injuries were neither incurred "while occupying a motor vehicle" nor "caused by physical contact with a motor vehicle."
The trial court entered partial summary judgment as to coverage for the appellee, Castagna, ruling that no actual physical contact between the van and the Chevrolet was necessary for PIP coverage under the insurance policy or the statute. The court further ruled that Section 627.736(4)(d)(1), Florida Statutes (1975), did not deny equal protection or due process of law.
Several Florida courts have construed Section 627.736(4)(d)(1), Florida Statutes (1975), of the No Fault Act to allow PIP benefits to an insured injured while riding in a commercial vehicle, if the commercial vehicle collides with a "motor vehicle," State Farm Mutual Automobile Insurance *350 Co. v. Butler, 340 So.2d 1185 (Fla. 4th DCA 1976); Negron v. Travelers Insurance Co., 282 So.2d 28 (Fla. 3d DCA 1973), but not if the collision is with another commercial vehicle. Camacho v. Allstate Insurance Co., 310 So.2d 330 (Fla. 3d DCA 1975).
The appellant, Lumbermens, contends that this case falls under the no-recovery rule of Camacho because the collision involved only commercial vehicles. The fact that one of the commercial vehicles had come into physical contact with a "motor vehicle" immediately prior to the collision is not considered by the appellant to be a factor.
We reject the judgment of the trial court that the contact between the lunch truck and the Chevrolet prior to the truck's collision with the insured was sufficient to meet the "physical contact" requirement without regard to causation. This construction was predicated on an analogy with the hit-and-run provision discussed in State Farm Mutual Automobile Insurance Co. v. Spinola, 374 F.2d 873 (5th Cir.1967). While we agree with the trial court that no actual physical contact with a motor vehicle is necessary, the conclusion reached by the trial court effectively reads the words "caused by" out of the statute.
The No Fault Act was intended to make an inquiry as to fault unnecessary, and the language of the statute in issue requires only that the plaintiff's injuries be attributable to the physical contact with a "motor vehicle" as it is defined by the statute. The language of the legislature which expressly states that the insured's injuries be "caused by physical contact with a motor vehicle," requires, in our view, an inquiry regarding cause which employs the traditional tort concepts of causation. Consequently, in the instant case it must be determined whether the plaintiff's injuries were "caused by physical contact" with the Chevrolet "motor vehicle." Actual physical contact between the vehicles is not a prerequisite to recovery under the statute. The mere involvement of a "motor vehicle," however, is not enough. Causation is the necessary link that connects plaintiff's injuries to the physical contact and brings them within the statute.
The Third District Court of Appeal has reached the same conclusion in Royal Indemnity Co. v. Government Employees Insurance Co., 307 So.2d 458 (Fla. 3d DCA 1975). In that decision the Third District held that PIP benefits should be allowed a pedestrian against a motor vehicle which struck a parked vehicle, causing it to strike the pedestrian, even though there was no "physical contact" between the motor vehicle and the pedestrian, reasoning that the motor vehicle caused the injuries sustained. The court in construing the statute stated:
We note that the statute reads "... [I]f the injury is caused by physical contact with such motor vehicle... ." This language is significant when applied to the factual setting in the case at bar.
While the no-fault law was intended to remedy the concept of fault in automobile negligence cases, we do not think that tort concepts of causation were intended to be entirely abandoned. We think that by inserting the word "caused" in the statute, the legislature plainly intended that it would be a factor to be considered. Id., at 460.
The ruling of the Third District on this issue is consistent with our holding in the instant case.
The contention of the appellant that Section 627.736(4)(d)(1), Florida Statutes (1975), constitutes a denial of due process and equal protection under the constitutions of this state and of the United States is without merit. Similar arguments were raised and disposed of in our decision in Lasky v. State Farm Insurance Co., 296 So.2d 9 (Fla. 1974). The statute in question is related to a legitimate governmental interest and does not rest on any arbitrary or capricious classification.
For the reasons expressed, the portion of the summary judgment entered by the trial court in favor of the appellee, Castagna, is reversed and this cause is remanded for further proceedings in accordance with the views expressed in this opinion.
It is so ordered.
*351 ENGLAND, C.J., and ADKINS, BOYD, SUNDBERG, HATCHETT and ALDERMAN, JJ., concur.
NOTES
[1] Art. V. § 3(b)(1), Fla. Const.
[2] (d) The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:

1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a motor vehicle or motorcycle if the injury is caused by physical contact with a motor vehicle. § 627.736(4)(d)(1), Fla. Stat. (1975).
[3] Section 627.732(1), Florida Statutes (1975), provides:

"Motor vehicle" means a sedan, station wagon, or jeep-type vehicle not used as a public livery conveyance for passengers and includes any other four-wheel motor vehicle used as a utility automobile and a pickup or panel truck which is not used primarily in the occupation, profession, or business of the insured.
The word "insured" has been held to refer only to insureds who are injured by physical contact with commercial vehicles, and not to owners of commercial vehicles. Heredia v. Allstate Ins. Co., 358 So.2d 1353 (Fla. 1978).
The definition of "motor vehicle" was changed by Ch. 78-374, § 2, Laws of Florida.