425 So.2d 1164 (1983)
Ralph ARNOLD and Sarah Arnold, His Wife, Appellants,
v.
SOUTH CAROLINA INSURANCE COMPANY, Appellee.
No. 81-2207.
District Court of Appeal of Florida, Second District.
January 5, 1983.
Rehearing Denied January 31, 1983.
*1165 Jefferson deR. Capps, St. Petersburg, for appellants.
Gary W. Nicholson of Carson & Guemmer, Tampa, for appellee.
RYDER, Judge.
The Arnolds appeal dismissal of their declaratory complaint seeking personal injury protection benefits from South Carolina Insurance Company.
Appellants' complaint below alleges that appellee insurer had issued them an automobile insurance policy. While Ralph Arnold was crossing a street with a coworker, two vehicles traveling nearby collided. One motor vehicle, out of control, appeared about to hit appellant. Appellant's companion saw the vehicle, pushed appellant out of the vehicle's path and jumped out of the way himself. Appellant was knocked to the pavement by his rescuer and suffered the injuries complained of. Upon application for personal injury protection benefits from appellee, appellee refused the claim. Appellants settled the liability claim directly with the insurer of the offending vehicle.
The court below dismissed appellants' declaratory complaint, finding that the relief sought was precluded by statutes and case law pertinent to personal injury protection benefits. On appeal, appellants suggest that while Ralph Arnold was not actually hit by the vehicle, actual physical contact with a defined motor vehicle is not necessary for entitlement to personal injury protection benefits. Appellants argue that traditional causation is necessary for benefits to accrue. Since the errant vehicle caused appellant's injury, benefits are due.
We agree that insurance benefits are due below. Section 627.736(4)(d)(1), Florida Statutes (1981), provides that for an insured not occupying a motor vehicle, personal injury protection benefits are payable if the injuries were caused by physical contact with a motor vehicle. The Florida Supreme Court has stated that while actual physical contact is not necessary, traditional tests of causation must be met. Lumbermens Mutual Casualty Co. v. Castagna, 368 So.2d 348 (Fla. 1979). However, the statutory language of "physical contact" is not completely without meaning. The physical contact contemplated by the statute is satisfied if the injury results from a collision with a motor vehicle. Negron v. Travelers Insurance Co., 282 So.2d 28 (Fla. 3d DCA 1973).
That there was no actual physical contact between the pedestrian and defined motor vehicle is not determinative of coverage. Royal Indemnity Co. v. Government Employees Insurance Co., 307 So.2d 458 (Fla. 3d DCA 1975). The facts alleged below show a collision involving two motor vehicles. One of those vehicles, out of control, then caused appellant's injuries. The *1166 injuries thus resulted from a collision. Unlike Lumbermens Mutual Casualty Co. v. Castagna, supra, causation is not at issue from the facts alleged below. We see no distinction between the physical contact between two vehicles below and the physical contact of a motor vehicle striking a parked vehicle in Royal Indemnity, supra. Both "physical contacts" set in motion events which "caused" injury. That is all the statute requires.
We agree with appellee that the complaint states no cause of action for personal injury protection benefits on behalf of Sarah Arnold, and we AFFIRM the dismissal as to her. The dismissal of Ralph Arnold's complaint is REVERSED and the case REMANDED for further proceedings.
HOBSON, A.C.J. and BOARDMAN, J., concur.