PER CURIAM.
We approve and adopt the final summary judgment entered by the trial court, which recited the following:
The record affirmatively shows, without contradiction, that at the exact time of Welty’s injuries on December 7, 1984, he was mounted or riding on a piece of construction equipment, referred to by the parties as a front-end loader. The front-end loader was in the process of extricating a Ford Bronco motor vehicle from a mud hole where it had become stuck. Welty and two friends had been riding in the Ford Bronco, and, when it became stuck, Welty went to get help in pulling the Bronco out of the mud. The front-end loader was working nearby, and the operator agreed to pull the Bronco out of the mud by use of a chain. Welty climbed onto the front-end loader to ride back to the Bronco, and, while the front-end loader was hooked up to the Bronco by a chain and was in the process of pulling the Bronco out of the mud hole, the operator of the front-end loader turned the articulating joint or pivot joint of the front-end loader, resulting in crushing type injuries to Welty, who was riding on or mounted on the front-end loader.
Since the front-end loader is itself not a motor vehicle under Florida Statute 627.732(1) F.S. 1983, Welty’s entitlement to PIP benefits, if any, is governed by the provisions of Florida Statute 627.-736(4)(d)l. Benefits under this sub-section are payable only if Welty demonstrates his injury was caused by physical contact with a motor vehicle. While this clause has been interpreted in Lumbermens Mutual Casualty Company vs. Castagna, 368 So.2d 348 (Fla.1979) as not requiring actual physical contact, the elements of causation concerning a motor vehicle as it is defined in the Statute, must be present. As noted in Castagna, “mere involvement” of a motor vehicle is not enough and plaintiff must show, by use of traditional tort concepts of causation, that there does exist the necessary causal link between his injuries and the use of the motor vehicle.
On the undisputed facts, and based on the holding of Lumbermens Mutual vs. Castagna, I find, as a matter of law, that Welty was not an occupant of a motor vehicle, and neither were his injuries “caused” by physical contact with a motor vehicle. Defendant, Continental Insurance Company, is accordingly entitled to a final summary judgment in its favor.
GLICKSTEIN, DELL and GUNTHER, JJ., concur.