SHARP, Judge.
Smith appeals from a final summary judgment denying him any recovery under *74 his motor vehicle insurance policy for personal injury protection benefits. The insurer, Fortune Insurance Company, denied coverage because Smith’s injuries were not caused by physical contact with a motor vehicle. The lower court ruled that Smith could not recover for his personal injuries, since the record established they were not “caused by physical contact with a motor vehicle” within the meaning of section 627.-736(4)(d)l, Florida Statutes (1985). We affirm.
Section 627.736(1), Florida Statutes (1985) provides that personal injury protection benefits are payable for bodily injury "... arising out of the ownership, maintenance, or use of a motor vehicle ...” However, coverage is further required by subsection (4)(d)l for
[accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle. (Emphasis supplied).
Since Smith was riding a bicycle at the time of his accident, subsection (4)(d)l is controlling.
The record established that Smith was injured while riding his bicycle across a bridge when he attempted to make a left turn at an intersection. Taking the facts in the record most favorable to Smith, he was forced to swerve his bicycle to avoid a collision with an oncoming truck that unexpectedly increased its speed and crossed the center line. As a result of his evasive turn, Smith lost control of his bicycle and crashed. He was severely injured. He did not come into physical contact with any motor vehicle, nor was there any collision between any motor vehicles immediately prior to or after Smith’s crash.
In Arnold v. South Carolina Insurance Co., 425 So.2d 1164 (Fla. 2d DCA), review denied, 437 So.2d 677 (Fla.1983), our sister court held that the physical contact required by section 627.736(4)(d)l could be between two motor vehicles, which caused an injury to an insured, although the insured himself had no physical contact with either vehicle. We do not need to reach the issue involved in Arnold, however, because Smith’s injuries were not caused by a collision with a motor vehicle. {See, e.g., Lumbermens Mutual Casualty Company v. Castagna, 368 So.2d 348 (Fla.1979)).[1] The mere involvement of a motor vehicle as a cause of an insured’s injuries is not sufficient.
Since there was no motor vehicle collision in this case, and no physical contact between Smith and a motor vehicle, the requirements of the statute were not met. Summary judgment for the insurer was proper. The judgment appealed is
AFFIRMED.
UPCHURCH, C.J., and COBB, J., concur.

. Involving 1975 statute with similar wording.