546 So.2d 1087 (1989)
George L. LOWD, Appellant,
v.
CAL KOVENS CONSTRUCTION CORP. and Bradley Kovens, Appellees.
No. 88-1787.
District Court of Appeal of Florida, Third District.
June 20, 1989.
Rehearing Denied August 16, 1989.
Arthur F. McCormick, South Miami, for appellant.
Ligman, Martin & Evans and David J. Beasley, Coral Gables, for appellees.
Before BARKDULL, JORGENSON and LEVY, JJ.
LEVY, Judge.
George Lowd appeals an order of the trial court granting final summary judgment sua sponte in favor of Cal Kovens Construction Corporation and Bradley Kovens based upon the "impact rule" and our holding in Sguros v. Biscayne Recreation Development Co., 528 So.2d 376 (Fla. 3d DCA 1987). We reverse based on our conclusion that the impact rule does not apply to the case at bar.
Lowd and his two sons were standing on a sidewalk when they heard the sounds of a racing engine and squealing tires. Lowd then saw the defendants' sports car sliding out of control, and heading directly toward Lowd and his sons. Believing that he and his sons were about to be injured or killed, *1088 Lowd shouted a warning to his sons and attempted to get out of the way of the vehicle's path. He fell in a stoney area located between the sidewalk and the road, and injured his knee. The car crashed into an electric power pole. Lowd sought damages for his injuries alleging that the vehicle, which was owned by the corporation and driven by Kovens, was negligently operated, thereby causing Lowd to dive to avoid being hit.
The trial court apparently agreed with the defendants' argument that the impact rule was applicable to this factual situation and, acting sua sponte, granted final summary judgment in favor of the defendants. However, our review of cases where the impact rule has been applied reveals that all those cases involved situations where a plaintiff was seeking to recover for injuries that resulted derivatively as a consequence of emotional trauma suffered by witnessing a particular event. See Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974) (plaintiff sought recovery for heart attack as a result of emotional fright after cars crashed into her home and a tree); Sguros, 528 So.2d at 376 (plaintiff brought wrongful death action on behalf of decedent who suffered extreme fright and had a heart attack), rev. denied, 525 So.2d 880 (Fla. 1988); Rivera v. Randle Eastern Ambulance Service, Inc., 446 So.2d 200 (Fla. 3d DCA 1984) (plaintiff sought recovery for mental pain and suffering after accident and seeing her husband bleed to death); National Car Rental System v. Bostic, 423 So.2d 915 (Fla. 3d DCA 1982) (plaintiff sought recovery for psychological injuries after defendant negligently hit the car he and his mother were in, and he watched his mother die), rev. denied, 436 So.2d 97, 99 (Fla. 1983). See also Champion v. Gray, 478 So.2d 17 (Fla. 1985) (mother's estate sought recovery for mother's death due to psychic trauma caused by defendant whose car struck and killed her daughter); Brown v. Cadillac Motor Car Division, 468 So.2d 903 (Fla. 1985) (plaintiff sought recovery for psychological trauma after his car hit and killed his mother because of a defective acceleration pedal).
The Gilliam case involved a plaintiff's action for physical injuries allegedly due to fright suffered by the plaintiff when one defendant's car struck her house after a collision. The plaintiff had been in bed when she heard a crash. She got out of bed, looked through the porch window, and saw one car against her house, and the other vehicle resting against an oak tree. She went outside to see if anyone was hurt, and then returned to the house to allow people to use the phone. Fifteen minutes later, she went to bed because of chest pains, and two hours later she was in a hospital intensive care unit. The Florida Supreme Court held that the plaintiff could not maintain an action against the driver even though the plaintiff suffered physical injury as a result of emotional stress, because she had not sustained any physical external impact. Gilliam, 291 So.2d at 595.
In the Sguros case, the widow of the decedent boat owner brought a wrongful death action against a company providing security services at a marina where their boat was docked. The widow and the decedent were both asleep on the boat when they were awakened by the sound of the boat engine starting. The decedent attempted to turn off the engine from below by cutting the fuel line and suffered a fatal heart attack while doing so. This court held that the decedent's apprehension that intruders were aboard his boat did not suffice as "impact" and thus the impact doctrine precluded recovery. Sguros, 528 So.2d at 378.
In both of the above cases, the impact rule was found to bar recovery because the physical injuries suffered  heart attacks  allegedly resulted from extreme emotional reactions of fear. That fear was a response to the result of the defendants' negligence. In Gilliam, the plaintiff's heart attack resulted from seeing that a car had crashed into her home and that another car had crashed into a tree. Stewart v. Gilliam, 271 So.2d 466, 467 (Fla. 4th DCA 1973), quashed by, Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974). In Sguros, the decedent's heart attack was preceded by his apparent belief that intruders were *1089 on his boat. Sguros, 528 So.2d at 377. In neither case was the plaintiff injured physically in a reasonable effort to avoid even greater potential injuries caused by a defendant's negligence.
By contrast, in the present case the plaintiff is seeking compensation for an injury that was caused by the impact that occurred when his knee struck the ground when he was forced to take evasive action to save his life. The injury was a contemporaneous and direct result of the defendant driver's negligent act. The plaintiff's injury did not develop derivatively as the result of an emotional trauma, and the plaintiff is not seeking compensation for illness to the body claimed to be caused by a nervous or emotional derangement. Thus, the impact rule does not bar recovery by the plaintiff herein.
This conclusion is further supported by other Florida cases dealing with similar factual circumstances where proof of physical contact between the plaintiff and defendant was not required, and where the impact rule was not held to be an obstacle to recovery.
In McCabe v. Watson, 225 So.2d 346 (Fla. 3d DCA 1969) cert. dismissed, 232 So.2d 739 (Fla. 1970), a judgment notwithstanding the verdict in favor of the defendant-appellee was reversed, where the defendant-appellee's parked car obstructed a pedestrian's view of the street, and in attempting to cross the street the pedestrian was hit by another car. The court found that the defendant-appellee's improper parking of the vehicle in violation of a traffic regulation, even though the vehicle never came into contact with the pedestrian, could have proximately caused the accident, and was thus a question for the jury. See also Wilfork v. Associated Grocers of Florida, Inc., 343 So.2d 84 (Fla. 3d DCA 1977) (jury could reasonably find that defendant's parking of tractor trailer which blocked plaintiff's view was proximate cause of plaintiff's collision with oncoming automobile; no contact between trailer and defendant's car).
Similarly, in Stahl v. Metropolitan Dade County, 438 So.2d 14 (Fla. 3d DCA 1983), the plaintiff claimed that the County's negligent maintenance of a bicycle path was the proximate cause of the death of the decedent. The decedent was riding his bicycle to school over a path built by the County. Because of lack of maintenance, the path was bumpy, and difficult to ride over in certain areas. In avoiding one of those bumpy areas, the decedent drove off the path and into the adjoining street where he was struck and killed by an oncoming car. The court found that a genuine issue of material fact existed precluding summary judgment in favor of the County stating that "`but for' the defendant's negligence herein, [the decedent] would not have been forced off the bicycle path ... and would not have been struck and killed by an oncoming car." Stahl, 438 So.2d at 22.
And, in Hammond v. Jim Hinton Oil Company, Inc., 530 So.2d 995 (Fla. 1st DCA 1988), the court reversed a judgment in favor of the defendants in a wrongful death action, brought against a truck driver and the owner of the truck, when the decedent's motorcycle was hit by an automobile, even though there was no contact between the decedent's motorcycle and the defendant's truck. In that case, the First District found that the evidence at trial supported the plaintiff's theory that the truck driver had operated his truck carelessly in tailgating the automobile, thereby precluding the motorcyclist and automobile driver from seeing each other and avoiding the collision. The case was remanded for a new trial.
In Arnold v. South Carolina Insurance Co., 425 So.2d 1164 (Fla. 2d DCA 1983), rev. denied, 437 So.2d 677 (1983), the plaintiff and a co-worker were crossing a street when two nearby vehicles collided. One of the vehicles appeared about to hit the plaintiff, and his coworker pushed him out of the vehicle's path while jumping out of the way himself. The injured plaintiff settled a liability claim directly with the insurer of the vehicle and brought suit against his own insurance company for personal injury protection benefits. The court held that actual physical contact between the pedestrian and the vehicle was not required in *1090 order to recover under the Florida statute which provides for personal injury protection benefits, because the collision between the two vehicles set in motion the events which caused the plaintiff's injury. See also Royal Indemnity Co. v. Government Employees Insurance Co., 307 So.2d 458 (Fla. 3d DCA 1975) (PIP benefits recoverable where moving car hit parked car which pinned plaintiff sitting on bus bench; driver of moving car held proximate cause of plaintiff's injuries). Cf. Smith v. Fortune, 506 So.2d 73 (Fla. 5th DCA 1987) (bicyclist who crashed after swerving to avoid oncoming truck not entitled to PIP benefits under statute because injuries not caused by motor vehicle collision).
The impact rule aside, it is clear that the plaintiff has presented a genuine issue of material fact to preclude the entry of summary judgment against him. Certainly it is reasonably foreseeable that a pedestrian, in attempting to avoid being hit by a negligently driven vehicle, might suffer injuries. Likewise, it is certainly a reasonable conclusion that the injuries received by a pedestrian in avoiding being hit by a car were proximately caused by the negligent acts of the defendant driver. Thus, where a plaintiff suffers direct physical injuries which result from a reasonable attempt to escape a position of peril caused by a defendant's negligence, that plaintiff should be entitled to recover, even in the absence of physical contact between the plaintiff and the negligent defendant. See Hammond; Stahl; Arnold; McCabe. See also Thompson v. Gorman, 366 Pa. 242, 77 A.2d 413 (1951) (physical contact not necessary where defendant's car negligently came alongside pedestrian placing her in a position of danger, and she sustained injuries while stepping back in a reasonable attempt to escape such danger); Mulbach v. Hertig, 15 Utah 2d 121, 388 P.2d 414 (1964) (physical contact not necessary where defendant's negligent driving caused plaintiff injuries when he veered truck off road to avoid collision); Hoffman v. Lehman, 204 Misc. 1053, 126 N.Y.S.2d 608 (1953) (injured bus passenger entitled to recover where negligently driven taxicab forced bus to a sudden stop even though no contact between vehicles), modified on other grounds, 286 App.Div. 487, 145 N.Y.S.2d 105 (1955); Texas Steel Co. v. Rockholt, 142 S.W.2d 842 (Texas 1940) (injured plaintiff entitled to recover where negligent driver forced plaintiff to apply brakes to avoid collision and plaintiff's car was overturned, even though no contact between vehicles); Zurfluh v. Lewis County, 199 Wash. 378, 91 P.2d 1002 (1939) (physical contact not necessary where defendant's negligent driving sharply cutting off another driver caused that driver to lose control of vehicle injuring guest); American Motorists Insurance Co. v. Rush, 88 N.H. 383, 190 A. 432 (1937) (injured plaintiff entitled to recover where police officer's negligent driving forced him to run into a telephone pole, even though no contact between vehicles); Pridgen v. Holeman, 199 N.C. 560, 155 S.E. 247 (1930) (injured plaintiff entitled to recover where truck driver's negligent driving forced car to crash into filling station, even though no contact between vehicles); 7A Am.Jur.2D Automobiles and Highway Traffic § 456 (1980) (bodily contact not a prerequisite to liability where injured plaintiff reasonably attempted to escape defendant's negligent operation of automobile).
To say that the plaintiff-pedestrian herein cannot seek to recover for his alleged damages unless he remained in the path of the defendants' oncoming vehicle, thereby being physically hit by the vehicle itself, would be ludicrous. The sound policy reasons of promoting the concept of mitigation of damages, the saving of lives, and compensating innocent individuals for their injuries, dictate that a plaintiff under the circumstances of this case should be entitled to seek to recover compensation for his injuries.
Accordingly, we reverse, finding that a genuine issue of material fact exists as to the plaintiff's entitlement to recovery, thus precluding the entry of a summary judgment. Such an issue of fact can only be resolved by the trier-of-fact.
Reversed.