PER CURIAM.
An insurer appeals an order granting summary judgment in favor of an insured claiming personal injury protection (PIP) benefits. We reverse.
Elizabeth Gregory pulled her van into a self-service Shell gas station. She noticed wet concrete on the ground near the pumps as she walked into the station office to pay. Gregory walked back to the service island and re-fueled. She then returned to the office, picked up some juice, and concluded her transaction. Upon leaving the office, she acknowledged an acquaintance and began her return to her van. At that point, Gregory slipped on what she termed “greasy soap.” When she tried to stop her fall, her feet went up, and her left hand and arm contacted the van. She fell over and her back hit the tank platform causing her injury. The trial court granted Gregory’s motion for summary judgment finding the insurer liable for the PIP benefits sought.
Under sections 627.736(1) and (4)(d)(l), Florida Statutes (1987), an insured must meet two requirements before being entitled to PIP benefits. First, her injury must be “arising out of the ownership, maintenance, or use of a motor vehicle.” Second, her injury must be sustained “while occupying a motor vehicle,” or “while not an occupant ... if the injury is caused by physical contact with a motor vehicle.”
In the instant case, Gregory was re-fueling. We have no problem with finding the injury arose out of the ownership, maintenance, and use of the vehicle. That determination is not controlling, however, since we conclude Gregory clearly did not meet the statute’s occupancy or contact requirement. As conceded by her counsel, Gregory was not occupying the vehicle when she was injured. She had not been in the vehicle for some minutes before the fall. Nor was her injury caused by physical contact with the vehicle. According to Gregory’s own testimony, it was the “greasy soap” which caused her to slip. On her descent, her arm did hit the van; however, her injury was not caused by physical contact with the van.
Traditional tort concepts of causation are to be considered part of the personal injury protection statute. The mere involvement of a motor vehicle is not enough. Causation is the necessary link that connects a plaintiff’s injuries to the physical contact and brings them within the statute. Lumbermens Mut. Cas. Co. v. Castagna, 368 So.2d 348, 349 (Fla.1979).
Accordingly, summary judgment in Gregory’s favor is reversed. The case is remanded for the trial court to enter judgment as a matter of law in favor of the insurer.