CORRECTED OPINION

POLEN, Judge.
Arnica Mutual Insurance Company (Arnica) appeals the final judgment in favor of the plaintiff, Melvin Cherwin, on his claim for personal injury protection (PIP) benefits. We affirm.
On February 14, 1994, Melvin Cherwin, while a pedestrian, was approached by an errant vehicle. In an effort to avoid being struck by the automobile, he dove out of the way and sustained injuries as a result of his evasive actions.
Mr. Cherwin filed a Petition for Declaratory Relief and Damages against his personal injury protection carrier, Amica. Mr. Cher-win’s claim was based on the injuries he suffered as a result of diving out of the path of the automobile. Arnica denied the claim, maintaining that physical contact with the automobile is required under section 627.736(4)(d)4, Florida Statutes. The trial court disagreed with Arnica’s position, entering summary judgment, followed by final judgment for Mr. Cherwin.
The Florida statute at issue is section 627.736(4)(d)4, which provides:
4. Accidental bodily injury sustained in this state by any other person while occupying the owner’s motor vehicle or, if a resident of this state, while not an occupant of a self-propelled vehicle, if the injury is caused by physical contact with such motor vehicle, provided the injured person is not himself:
a. The owner of a motor vehicle with respect to which security is required under ss. 627.730-627.7405; or
b. Entitled to personal injury benefits from the insurer of the owner or owners of such a motor vehicle.
The issue on appeal is whether a plaintiff must have physical contact with a motor vehicle to recover on a claim under this statute. We hold the statute does not make such a requirement.[1]
In reaching this conclusion, we follow the supreme court’s decision in Lumbermens Mutual Casualty Co. v. Castagna, 368 So.2d 348 (Fla.1979). In Lumbermens, the court determined that the inclusion of the phrase “caused by physical contact with a motor vehicle” plainly and unambiguously intended the traditional tort concepts of causation to be considered part of the statute. Id. at 349. The court additionally stated that no actual physical contact must occur, but the elements of causation concerning a motor vehicle must be present.
Other eases have also held that physical contact with the offending car is not required. Although not involving a PIP claim, in Royal Indemnity Co. v. GEICO, 307 So.2d 458 (Fla. 3d DCA 1975), the court found contact with the offending car was not required under the statute. In Royal, the offending car struck a parked car which in turn struck the plaintiff. The court found the errant vehicle was the proximate cause of the plaintiffs injuries and the driver’s insurance was therefore liable under the statute. Id. at 461.
Additionally, the second district found liability under the statute where no contact with an automobile occurred. In Arnold v. South Carolina Insurance Co., 425 So.2d 1164 (Fla. 2d DCA 1983), the appellant was crossing the street with a coworker, when two vehicles traveling nearby collided. When one motor vehicle appeared about to hit the appellant, his coworker pushed him out of the way. The appellant was knocked to the pavement and suffered injuries as a result of his coworker’s efforts. The appellant sued the driver of the errant vehicle under section 627.736(4)(d)l. The second district found that actual contact between the pedestrian and the offending vehicle is not determinative for coverage. Id. at 1165 (citing Royal Indemnity, supra). Using causa *114 tion analysis, the court found physical contact between the two colliding cars caused the plaintiffs injuries. The driver of the errant vehicle was therefore liable under the statute.
We recognize that the offending automobile never touched Mr. Cherwin. Arnica argues that such contact is required under the statute. Such a requirement, however, would place form over substance and go against the express language of the supreme court. The Lumbermens court stated:
The language of the legislature which expressly states that the insured’s injuries be “caused by physical contact with a motor vehicle,” requires, in our view, an inquiry regarding cause which employs the traditional tort concepts of causation. Consequently, in the instant case it must be determined whether the plaintiffs injuries were “caused by physical contact” with the Chevrolet “motor vehicle.” Actual physical contact between the vehicles is not a prerequisite to recovery under the statute. The mere involvement of a “motor vehicle,” however, is not enough. Causation is the necessary link that connects plaintiffs injuries to the physical contact and brings them within the statute.
Lumbermens, at 350.
In the facts presented to the court, it is clear the errant vehicle is the proximate cause of Mr. Cherwin’s injuries. Using traditional tort language, it can be said that “but for” the errant automobile, Mr. Cherwin would not have been injured. The vehicle’s actions provide the necessary link that connects Mr. Cherwin’s injuries to recovery under the statute.
To mandate a requirement of actual physical contact under these facts would lead to an absurd result. As the third district noted in Lowd v. Kovens Construction, 546 So.2d 1087 (Fla. 3d DCA 1989),
To say that the plaintiff-pedestrian herein cannot seek to recover for his alleged damages unless he remained in thé path of the defendants’ oncoming vehicle, thereby being physically hit by the vehicle itself, would be ludicrous. The sound policy reasons of promoting the concept of mitigation of damages, the saving of lives, and compensating innocent individuals for their injuries, dictate that a plaintiff under the circumstances of this case should be entitled to seek to recover compensation for his injuries.
We adopt this reasoning. Reading the statute to require physical contact under these circumstances would lead to the punishment of the prudent plaintiff who mitigates his injuries by escaping harm’s way. The sound policy reasons discussed in Lowd are equally applicable here and dictate that Mr. Cherwin recover compensation for his injuries. We accordingly affirm.
STONE and PARIENTE, JJ., concur.

. We certify conflict with Smith v. Fortune Insurance Co. 506 So.2d 73 (Fla. 5th DCA 1987). Additionally, we would encourage the legislature to reexamine this statute to clarify the intent.