BROWNING, J.
This is an appeal from summary judgment in favor of Allstate Insurance Company (Allstate), denying Kenneth Mil-gram’s (Milgram) claim for automobile Personal Injury Protection (PIP) benefits. Milgram contends that the trial court erred by granting summary judgment, because there exists a sufficient relationship between his injuries and the use of the insured automobile to preclude entry of summary judgment. Allstate contends, for affirmance, that Milgram’s injuries did not arise out of the ownership, use, or maintenance of a motor vehicle; and that Milgram’s injuries were not caused by physical contact with a vehicle, when he was a non-occupant of the insured vehicle. We reverse and remand.
On April 17, 1993, at approximately 2:30 A.M., Milgram was a passenger in a vehicle driven by Joseph Kudla (Kudla). Kud-la, in the process of making a right turn, encountered a group of pedestrians (strangers) who were crossing the street onto which he was turning. As Kudla and Milgram made their turn, the strangers apparently became agitated because their “space” was being invaded in an offensive manner, and they began screaming, yelling and acting as though they were going to *135 jump in front of the car. When Milgram and Kudla attempted to park, they again encountered the strangers, who began to stare at them in a menacing manner. Kudla drove away and the strangers, who had entered their own vehicle, pulled in front of Kudla and Milgram and drove ahead of Kudla’s car very slowly. When Kudla attempted to pass, the strangers threw bottles and other debris at his car. When Kudla pulled over to inspect the damage, the strangers exited their vehicle and gestured for Kudla and Milgram to “come back.” As Kudla and Milgram drove away, they noticed the strangers were following them.
Kudla and Milgram were required to stop at a traffic signal and, while stopped, noticed police officers at a convenience store across the street. The strangers pulled up behind Kudla and Milgram and exited their vehicle. Four males approached the ear. Kudla and Milgram believed if they remained seated in the car when the strangers approached they would be in a vulnerable position, and exited their car thinking the police officers would “see what’s going on and .... break this up.” Quick words were exchanged and, shortly thereafter, a fight developed, and Milgram was struck repeatedly. As believed, the police officers noticed the affray, attempted to break up the fight, and “tackled” Milgram. During the tackle, Milgram’s ankle was broken.
Milgram filed a claim with Allstate for PIP benefits for injuries arising out of the incident, and the claim was denied. Mil-gram then filed a declaratory judgment action seeking PIP benefits pursuant to section 627.736, Florida Statutes (1993). Allstate defended and moved for summary judgment, which was granted. This appeal ensued.
A party seeking summary judgment has a heavy burden. Wills v. Sears, Roebuck & Company, 351 So.2d 29 (Fla.1977); Stanford v. CSX Transportation, Inc., 637 So.2d 37 (Fla. 2nd DCA), rev. denied, 645 So.2d 451 (Fla.1994). When ruling upon a motion for summary judgment the trial judge is required to draw all reasonable inferences in favor of the non-moving party. Board of Trustees v. Caudill, 461 So.2d 239 (Fla. 1st DCA 1984), rev. denied, 472 So.2d 1180 (Fla.1985). If the record raises the slightest doubt that material issues can be presented, that doubt must be resolved against the movant, and the motion for summary judgment must be denied. Henderson v. CSX Transportation, Inc., 617 So.2d 770, 773 (Fla. 1st DCA 1993), quoting Jones v. Directors Guild of America, Inc., 584 So.2d 1057, 1059 (Fla. 1st DCA 1991). See also Moore v. Morris, 475 So.2d 666, 668 (Fla.1985).
Coverage of PIP benefits is controlled by section 627.736(1) & (4)(d)l, Florida Statutes (1993), which provides as follows:
(1) REQUIRED BENEFITS. — Every insurance policy complying with the security requirements of s. 627.733 shall provide personal injury protection to the named insured, relatives residing in the same household, persons operating the insured motor vehicle, passengers in such motor vehicle, and other persons struck by such motor vehicle and suffering bodily injury while not an occupant of a self-propelled vehicle, subject to the provisions of subsection (2) and paragraph (4)(d), to a limit of $10,000 for loss sustained by any such person as a result of bodily injury, sickness, disease, or death arising out of the ownership, maintenance, or use of a motor vehicle, (as follows)
[[Image here]]
(4)(d)The insurer of the owner of a motor vehicle shall pay personal injury protection benefits for:
1. Accidental bodily injury sustained in this state by the owner while occupying a motor vehicle, or while not ■ an occupant of a self-propelled vehicle if the injury is caused by physical contact with a motor vehicle.
*136 Thus, in the instant case the statute provides a two-prong test, and the failure to present a disputed material fact as to either prong is fatal to Milgram’s claim.
At first blush, it appears that Milgram’s bodily injury did not arise “out of the ownership, maintenance, or use of a motor vehicle,” as his injuries occurred when he was “tackled” by a police officer attempting to stop an affray. However, our courts have recognized that injuries resulting from a battery inflicted by a person who became enraged over the operation of a vehicle by another, and injuries caused by the removal of a driver from a covered vehicle by a policeman, provide the necessary “nexus” between the insured vehicle and resulting injuries to support PIP coverage. Hernandez v. Protective Casualty Insurance Company, 473 So.2d 1241 (Fla.1985); Government Employees Insurance Company v. Novak, 453 So.2d 1116 (Fla.1984).
In the instant case, Kudla’s operation of his vehicle by turning into the strangers’ “space” agitated them. As a result of this agitation, the affray that ensued resulted in Milgram’s injuries, albeit they directly resulted from the actions of a police officer attempting to preserve the peace. This provided the necessary nexus to meet the requirement that the injuries “arise out of the use, operation, or maintenance of a motor vehicle”, to preclude summary judgment on this point.
It is undisputed that Milgram was not an occupant of Kudla’s motor vehicle at the time of the injury. Accordingly, Allstate argues, with considerable persuasion, that PIP benefits are unavailable to Milgram as a hon-occupant of Kudla’s vehicle, because his injuries were not “caused by physical contact with a motor vehicle.” However, this language has been construed by the Florida Supreme Court in Lumbermens Mutual Casualty Company v. Castagna, 368 So.2d 348, 350 (Fla.1979), not to require that a claimant be injured from actual physical contact with a motor vehicle to be entitled to coverage. Courts following Castagna have allowed non-occupants, such as Milgram, to collect PIP benefits in similar circumstances. The rationale behind such cases is that coverage exists when a motor vehicle is the most “substantial factor in bringing about a claimant’s injury.” See Arnold v. South Carolina Insurance, 425 So.2d 1164 (Fla. 2nd DCA), (finding that PIP coverage existed when someone pushed the plaintiff to the pavement to prevent his injury from a car that was out of control as a result of a traffic accident); rev. denied 437 So.2d 677 (Fla.1983); Arnica Mutual Insurance Company v. Cherwin, 673 So.2d 112 (Fla. 4th DCA 1996) (holding that a plaintiff could recover when he was injured when he dove out of the way of an errant vehicle); Doyle v. Faford, 517 So.2d 778 (Fla. 5th DCA 1988) (holding plaintiff could recover when motor vehicle struck mobile home containing plaintiff).
It can be inferred that Kudla’s operation of his vehicle by turning into the strangers’ “space” agitated them. As a result of their agitation, the subsequent affray ensued and caused Milgram injuries. Thus, Milgram presented a material fact that the insured motor vehicle was the “most substantial factor” in bringing about his injuries. Whether or not this is sufficient to support a recovery by Milgram is for a jury, not the trial judge. Accordingly, summary judgment cannot be granted on this basis.
In summary, Milgram has presented genuine issues of fact that warrant reversal of the summary judgment.
REVERSED and REMANDED.
BARFIELD, C.J. and LAWRENCE, J., CONCUR.