966 So.2d 940 (2007)
In re STANDARD JURY INSTRUCTIONS IN CIVIL CASES (NO. 06-02).
No. SC06-1362.
Supreme Court of Florida.
September 20, 2007.
Scott D. Makar, Chair, Supreme Court Committee on Standard Jury Instructions (Civil), Office of General Counsel, Jacksonville, FL, Tracy Raffles Gunn, Vice-Chair, of Fowler, White, Boggs, Banker, P.A., Tampa, FL, Wendell M. Graham, Chair, County Court Instructions Subcommittee, Eleventh Judicial Circuit, Miami, FL, and Joseph H. Lang, Jr., Filing Subcommittee, of Carlton Fields, P.A., Tampa, FL, for Petitioner.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Civil Cases (Committee) has submitted proposed changes to the Standard Jury Instructions in Civil Cases. We have jurisdiction. See art. V, § 2(a), Fla. Const.
On July 11, 2006, the Committee filed a report proposing new Standard Jury Instruction MI. MISCELLANEOUS, 13 CLAIM FOR PERSONAL INJURY PROTECTION INSURANCE BENEFITS (PIP) (MEDICAL BENEFITS ONLY). Prior to submitting this report to the Court, the Committee published the proposed new instruction in the October 15, 2005, edition of The Florida Bar News. After receiving numerous comments following this publication and undertaking further review, the Committee modified the instruction in response to some comments and rejected other comments. The changes made subsequent to the comments were not significant and did not warrant republication.
This proposed instruction is the first resulting from the Committee's newly established County Court Instructions Subcommittee, which aims to develop standard instructions for issues that arise primarily in Florida's county courts. The Committee asserts that because the majority of personal injury protection (PIP) claims occur in county court, the proposed jury instruction and verdict form are intended to assist county court judges in handling PIP claims.
Upon consideration, we hereby authorize for publication and use the new instruction as set forth in the appendix attached to this opinion. In authorizing publication, we caution all interested persons that the notes and comments reflect only the opinion of the Committee and are not necessarily indicative of the views of this Court as to their correctness or applicability. We express no opinion on the correctness of this instruction and remind all interested parties that this authorization forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of this instruction. The amendments shall be effective when this opinion becomes final. We wish to express our appreciation to the Committee for its dedication in presenting to the Court its recommendations.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, CANTERO, and BELL, JJ., concur.

APPENDIX A: PROPOSED MI 13 AND VERDICT FORM

MI 13

CLAIM FOR PERSONAL INJURY PROTECTION INSURANCE BENEFITS (PIP)

(MEDICAL BENEFITS ONLY)
a. Issues:
(Claimant) seeks personal injury benefits from (defendant) for [a medical service] *941 [medical services]. (Claimant) is entitled to recover benefits if the service[s] [is] [are] related to the accident, the service[s] [is] [are] medically necessary, and the charge[s] for the service[s] [is] [are] reasonable.
[Give this preemptive instruction only where rulings or stipulations have altered the number of issues to be proven.]
In this case, there is no dispute that [the service[s] [is] [are] related to the accident] [and] [that the service[s] [is] [are] medically necessary] [and] [that the charge[s] [is] [are] reasonable], but there is dispute over [whether the service[s] [is] [are] related to the accident] [and] [whether the service[s] [is] [are] medically necessary] [and] [whether the charge[s] for the service[s] [is] [are] reasonable].

[To be given in all cases. Alter numbering where required due to rulings or stipulations.]
Therefore, on this claim for personal injury benefits, you must decide the following:
[The first issue is whether the service is related to the automobile accident of (date). If you decide that a service is not related to the accident, you should not award damages for that service. If you decide that one or more services are related to the accident, you must then decide a second issue.]
[The second issue is whether the service is medically necessary. If you decide that a service was not medically necessary, you should not award damages for that service. If you decide that one or more services are medically necessary, you must then decide a third issue.]
[The third issue is whether the charge is reasonable. If you find the charge for a service or services reasonable, you should award that amount as damages. If you find the charge for a service or services is not reasonable, you should award an amount that the greater weight of the evidence shows is reasonable.]
In determining these issues, you should apply the following definitions:

[Give applicable definitions below]
a. Services:
The term "services" includes, but is not limited to, treatment, diagnostic studies, and supplies provided by the medical provider to the insured.
b. Medically Necessary:
"Medically necessary" refers to a medical service or supply that a prudent physician would provide for the purpose of preventing, diagnosing, or treating an illness, injury, disease, or symptom in a manner that is:
(a) In accordance with generally accepted standards of medical practice;
(b) Clinically appropriate in terms of type, frequency, extent, site, and duration; and,
(c) Not primarily for the convenience of the patient, physician, or other health care provider.
c. Reasonable Charge:[1]
In deciding whether the amount of a charge is reasonable, you may consider evidence of:

*942  usual and customary charges and payments accepted by the provider involved in the dispute;
 reimbursement levels in the community;
 reimbursement levels in various federal and state medical fee schedules applicable to automobile coverages; and
 any other evidence relevant to the reasonableness of the charges.
You may not, however, award an amount that exceeds the amount the provider customarily charges for like services or supplies.

[Burden  To be given in all cases.]
If the greater weight of the evidence does not support the claim of (claimant), then your verdict should be for (defendant).
However if the greater weight of the evidence does support the claim of (claimant), then your verdict should be for (claimant) and against (defendant).

[Give when defenses to the claim have been raised.]
If, however, the greater weight of the evidence does support the claim of (claimant), then you shall consider the defense[s] raised by (defendant).

[Give in all cases.]
"Greater weight of the evidence" means the more persuasive and convincing force and effect of the entire evidence in the case.

NOTES ON USE
This instruction assumes that the jury will be asked to decide the total amount of medical charges. It is anticipated that the judge will adjust this award in entering judgment to account for any payments previously made by the insurer, as well as for the effect of the 80% limitation in section 627.736(1)(a) and any deductible.

COMMENT
1. The definition of "medically necessary" is based on section 627.732(2), Florida Statutes (2003). The committee has added the option of a "prudent health care provider" to this definition in anticipation that the phrase, "prudent physician," as described in the statute could sometimes be inadequate. This statutory definition is somewhat complex. It is possible that the parties could agree upon a plainer and simpler definition.
2. No definition of "related" is provided in this instruction. Causation can be a complex issue in a PIP case. Generally, to invoke this insurance coverage a bodily injury must "arise out of the ownership, maintenance, or use of a motor vehicle." See § 627.736(1), Fla. Stat. (2003); Lumbermens Mutual Casualty Co. v. Castagna, 368 So.2d 348 (Fla.1979). The medical treatment covered by the insurance policy is the treatment that is related to the bodily injury arising out of the ownership, maintenance, or use of the motor vehicle. The committee has been advised that most practitioners prefer to use the term, "related," as a simple method to explain causation to the jury. The committee does not intend for S.J.I. 5.1 to be given in a PIP case as an explanation of causation.
Note: The following form is a proposed new form, but for clarity the form is not underlined.

VERDICT FORM FOR USE WITH MI 13

VERDICT FORM
1. Are any of the services related to the accident of (date)? *943 
 ____ Yes ____ No
If your answer is no, your verdict is for the Defendant and you should go no further but to sign and date the verdict form. If your answer is yes, you should answer question 2.
2. Are any of the services medically necessary?
 ____ Yes ____ No
If your answer is no, your verdict is for the Defendant and you should go no further but to sign and date the verdict form. If your answer is yes, you should answer question 3.
3. [Is the charge for the service reasonable?] [Are the charges for the services reasonable?] If you find the charge or charges reasonable, you should proceed to number 4. However, if you find the charge or charges unreasonable, you must determine a reasonable amount for the charge or charges, then proceed to question 4.
4. What is the total amount you find reasonable?
 $_____________
SO SAY WE ALL, this ____ day of
______________________.__________.
 _________________
 FOREPERSON
NOTES
[1] This statutory description of reasonable amount may require a supplemental instruction for fee-capped diagnostic testing services as described in section 627.736(5)(b), Florida Statutes (2003).